UNITED STATES DISTRICT COURT                              Index No.
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TERRANCE BAYLOR AND NICOLE LEWIS

                                                                VERIFIED
                           Plaintiff,                        COMPLAINT

                -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT,
DETECTIVE ARNULFO CASTILLO (Shield no. 3357)
AND DETECTIVE JOHN DOE (295 Command),

                                Defendants.
------------------------------------------------------------------x

## INTRODUCTORY STATEMENT

1.      This is an action for damages sustained by plaintiff TERRANCE BAYLOR,

(hereinafter referred to as BAYLOR and/or plaintiff) and NICOLE LEWIS (hereinafter

referred to as NICOLE, wife or plaintiff) and against the CITY of NEW YORK

(hereinafter referred to as the CITY and/or defendant), the NEW YORK CITY POLICE

DEPARTMENT, (hereinafter referred to as NYPD and/or defendant), who through

its/their employees, agents and/or assigns unlawfully assaulted (excessive force),

arrested, improperly prosecuted and harassed Plaintiff TERRANCE BAYLOR; search of

plaintiffs' car (2003 Ford Explorer) without a valid warrant and/or invasion of their

privacy in front of 5 year old son who was in the vehicle when stopped; for personal and

emotional injuries suffered and arising from the unlawful acts of the defendants, in

particular POLICE OFFICERS DETECTIVE ARNULFO CASTILLO (Shield no. 3357)

AND DETECTIVE JOHN DOE (295 Command) (hereinafter respectively referred to as

DETECTIVE CASTILLO AND DETECTIVE JOHN DOE ), and against the CITY, as

the supervisory body responsible for the conduct of the NYPD, the defendants and for its

failure to take corrective action with respect to police officers and/or personnel for their

failure to act, whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, same which is/are sued as a "person" under Title 42 USC 1983; and the actions of the CITY, NYPD, and/or for continuing to prosecute a criminal case(s) against TERRANCE BAYLOR, amounting to malicious prosecution; in failure to prosecute and/or investigate a case against the said defendant police officers DETECTIVE ARNULFO CASTILLO AND DETECTIVE JOHN DOE, who wrongfully arrested the plaintiff BAYLOR utilizing "excessive force" and/or the NYPD without a valid warrant and their failure to investigate and prosecute the "arresting" officers and other CITY employees for their use of "excessive force" and/or malicious prosecution and the defendants' failure to remedy the severe penalties/ conditions promulgated against plaintiff BAYLOR including the initial assaults upon his person when illegally arrested when plaintiffs' person was searched without a warrant and he was illegally detained,  the subsequent false arrest, detention and false imprisonment (for approximately a day) of plaintiff TERRANCE BAYLOR and the seizure of plaintiffs' personal property and the invasion of his privacy, even though there was literally no valid warrant to base a criminal prosecution and/or defendant CITY/NYPD blatant failure to investigate the illegal arrest, excessive force and search and continuing to prosecute plaintiff; including but not limited to the fact that the CITY by the NYPD, did nothing meaningful to investigate his illegal arrest and the egregious assault upon plaintiff's person on 3/8/16 which resulted in severe physical injuries, false imprisonment and mental and emotional distress to the plaintiffs' BAYLOR and NICOLE and their infant child vis a vis the illegal excessive force and the seizure of his personal property and

invasion of privacy. Plaintiff BAYLOR seeks recovery for physical injuries and emotional distress and for his aforesaid damages, arising out of but not limited to his illegal false arrest, detention and initial false imprisonment of approximately 1 day; that both plaintiffs seek recovery and remuneration for the said illegal arrest and use of excessive force without a warrant and invasion of their privacy together with attorney's fees, court costs and the like. The acts complained of occurred when the wife NICOLE LEWIS and their 5 year old son were present in front of a supermarket in broad daylight and the plaintiff was forcibly pulled out of his car, "spread eagled", manhandled and then forcibly placed into the patrol car, unmarked, when the two DETECTIVES were not in uniform and their badges were not out and they did not identify themselves. They had no valid warrant because there wasn't one.

2.      Defendant CITY by the NYPD and their negligence in prosecuting the plaintiff TERRANCE BAYLOR are named for the malicious prosecution of the plaintiff and their/its negligence in prosecuting the defendant TERRANCE BAYLOR, and negligent failure to monitor their respective staffs, employees and others including police officers and assistant district attorneys employed by said defendant. The defendant CITY is also named for the intolerable conditions and negligent actions for which TERRANCE BAYLOR had to endure at the hands of the NYPD, plaintiff was held in NYPD facilities (73rd Precinct and Criminal Courthouse pens on Schermerhorn Street) under said defendants' auspices pursuant to the aforementioned false arrest and imprisonment for approximately 1 day, during which time he suffered numerous instances where "excessive force" (his cuffs were too tight, plaintiff complained to no avail) (later x-rayed at Lenox Hill Radiology 4/26/17 Brooklyn) was utilized against his person and he was

physically injured and/or suffered mental and emotional distress and trauma physical and mental injuries.

3.      Plaintiff BAYLOR separately brings causes of action against defendant CITY and NYPD and the 2 detectives, (both detectives physically assaulted the plaintiff BAYLOR) set forth hereinafter in negligence and for excessive force/ assault, prima facie tort, intentional infliction of mental distress the physical injuries and emotional distress he suffered upon the false arrest without a warrant and false imprisonment.

4.      Through defendants CITY/NYPD's negligence and/or their negligent failure to act and/or as to defendants DETECTIVE CASTILLO AND JOHN DOE to take reasonable and prudent steps required before and/or on or about 3/8/16 and their continued malicious prosecution of plaintiff through 9/12/16 when case was "reargued" at request of District Attorney Kings County and NYPD and again was reargued on 3/28/16 and dismissed by the same Criminal Court Kings County judge on 9/12/16.

JURISDICTION

5.      This action arises under Sections 1981, 1983, 1985 and 1988 of Title 42 of the United States Code, and the First, Fourth, Sixth and Eighth, Fourteenth Amendments of the Constitution of the United States, and under the Constitution of the State of New York and the laws of the State of New York and the case law arising thereunder in similar 1983 matters and the like.

PARTIES

6.      At all times relevant to the allegations of this complaint, plaintiffs STEVEN BAYLOR and NICOLE LEWIS are individuals residing at 216 Rockaway Ave, Apt. 15M, Brooklyn NY 11233, which is in the Eastern District of New York. That at all times

hereinafter mentioned, the defendants, CITY, N.Y.P.D., and the said DETECTIVES CASTILLO AND JOHN DOE, and was is/are and still is/are a domestic and public benefit corporations, organized and existing under and by virtue of the laws of the State of New York and the defendant DETECTIVES are employed by the defendant CITY/NYPD.

7.      At all times hereinafter mentioned the Defendant THE CITY OF NEW YORK, (hereinafter referred to as "CITY" or defendant), is on information and belief is a municipal corporation duly organized and/or registered and/or a CITY agency chartered by the State of New York and has designated the Corporation Counsel of the City of New York to accept service at 100 Church Street, New York, NY 10007.

8.      That NYPD is on information and belief owned, operated and/or subject to directives of the defendant CITY as are their supervisors, employees, police officers, detectives (here DETECTIVE CASTILLO and DETECTIVE JOHN DOE).

9.      At all times relevant, defendants NYPD is a municipal corporation duly formed pursuant to the laws of the City and State of New York, and/or an agency, subdivision and/or department, of the defendant CITY OF NEW YORK duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York and was the employer and supervisor of defendant NYPD and/or supervisory staff and/or detectives and/or police and/or commanding officers and/or staff.  As such, it (NYPD/ CITY) was/were responsible for training, supervision and conduct by defendants' individual DETECTIVES. CITY/NYPD and detectives were also responsible, under law, for enforcing the regulations of the NYPD and/or NEW YORK CITY and for ensuring that CITY OF

NEW YORK, NYPD, and/or supervisory staff, and personnel, as well as police officers here DETECTIVE police officers in the employ of the NYPD obey the laws of the City and State of New York and of the United States and prosecute and enforce said laws.

10.     At all times relevant defendants THE CITY OF NEW YORK, NYPD, was/were a municipal corporation(s) or subdivision thereof duly formed under the laws of New York State and/or an agency, subdivision, department, entity of the defendant CITY OF NEW YORK duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York, and was the employer and supervisor of the individual defendants DETECTIVES/ police officers. As such, NYPD was responsible for training, supervision and conduct by defendants of its supervisory staff, personnel, police officers and detectives, same were also responsible, under law, for enforcing the regulations of the New York City Police Department and for ensuring that CITY OF NEW YORK, here NYPD personnel/detectives obey the laws of the City and State of New York and of the United States and/or carry out same.

11.     At all times relevant, defendant NYPD was a municipal corporation(s) duly formed under the laws of New York State, and/or an agency, subdivision, duly constituted entity, department, etc. of the defendant CITY OF NEW YORK duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York and was the employer and supervisor of defendant NYPD supervisory staff and/or detectives and/or officers.  As such defendants NYPD and CITY was/were responsible for training, supervision and conduct by said named defendants DETECTIVE ARNULFO CASTILLO AND

6

DETECTIVE JOHN DOE and/or district attorneys.  Defendant CITY was responsible, under law, for enforcing the regulations of the NYPD and/or the laws of the United States and State of New York e.g. that an individual cannot be arrested without a valid warrant and/or excessive force and for ensuring that CITY OF NEW YORK, NYPD, and/or their respective supervisory staff, and personnel, as well as police and detectives in the employ of the NYPD obey the laws of the State of New York and of the United States and carry out, prosecute and enforce said laws.

12.     At all times relevant, defendants DETECTIVE ARNULFO CASTILLO AND DETECTIVE JOHN DOE  are employees of the NYPD/ CITY and on information and belief were in the employ of the NYPD and working and/or at the time of the said egregious unprovoked assaults and battery upon BAYLOR, illegal detention and/or arrest of the plaintiff TERRANCE BAYLOR the use of excessive force and the search of plaintiff's person and the seizure of plaintiff's personal property and the invasion of plaintiffs' privacy and the subsequent acts of malicious prosecution against BAYLOR. The names of the said other individual defendants e.g. POLICE OFFICERS DETECTIVE ARNULFO CASTILLO (shield #3357 of 295 command) AND DETECTIVE JOHN DOE as to name and addresses of is unknown to plaintiffs and their counsel. Said DETECTIVES are responsible, under law, for enforcing and abiding by the regulations of the NYPD and the laws of the City and State of New York and of the United States. Defendants CITY and NYPD are charged with a duty to ensuring that their workers other NYPD detectives who are police officers, City of New York personnel, obey the laws of the City and State of New York and of the United States. At all times relevant hereto and in all their actions described herein, said defendants DETECTIVES

were police officers, and/or NYPD personnel, and were acting under color of law and pursuant to their authority as NYPD personnel/officers/detectives.

13.     THE CITY/NYPD is charged with the responsibility of supervising/advising the Assistant District Attorneys of Kings County and all staff members including investigators, the coordination of criminal prosecutions and the like and in protecting the rights of citizens of the County of Kings, and of the City and State of New York and of the United States.

14.     That at all times relevant to this complaint, or from 3/8/16 and thereafter, said defendants CITY/NYPD maintained and controlled in furtherance of its/their business by the said defendants, CITY/NYPD in the Borough of Kings or elsewhere in the City and State of New York; and was/were responsible for operating/controlling: jails, courts, police, police precincts, and/or their personal employees, police officers here defendant DETECTIVES.

15.     At all times relevant, defendant NYPD employees, supervisory personnel and the like, here specifically defendants DETECTIVE ARNULFO CASTILLO AND DETECTIVE JOHN DOE, who are named in this complaint as individual defendants and whose addresses are unknown other than c/o NYPD or 295 Command on information and belief at the 73rd Precinct, 1470 E New York Ave, Brooklyn, New York other NYPD police officers, detectives, supervisors and/or personnel at the 73rd precinct in question, including but not limited to supervisors, the officers, and/or staff, whose identity DETECTIVE JOHN DOE is presently unknown to plaintiff and on information and belief is NYPD personnel, staff, detectives, and/or officers employed by the NYPD and/or by New York City Police Department, to perform duties for and in the CITY OF

NEW YORK and elsewhere. At all times relevant, the individual defendants above-named were acting in the capacity of agents, servants and employees of defendant CITY OF NEW YORK and/or NYPD and are sued individually and in their official capacity.

<u>FACTUAL ALLEGATIONS</u>

16.    A general synopsis of the 3/8/16 incident which is the initial incident addressed in the instant summons and complaint are set forth with specificity in the Plaintiffs' Notice of Intention to File Claim/ Notice of Claim that was duly served on 6/6/16 and inserted hereinafter in paragraph 37.  Additional relevant facts are as follows:

17.    The said DETECTIVES without a warrant forcibly entered the automobile where the plaintiffs TERRANCE BAYLOR and NICOLE LEWIS were seated and without consent and/or permission and without the benefit of a valid arrest or search warrant forcibly pulled the plaintiff out of the vehicle without identifying themselves, showing a warrant (there was no valid warrant), they were in plain clothes and dragged him and beat him in front of NICOLE LEWIS and their 5 year old son, when the married couple were about bring their child to school. Excessive force was used. Plaintiff BAYLOR was never told he was under arrest and he was forcibly taken away without his consent or permission. The said "arresting"/ "searching" DETECTIVES, there were 2 (the complaint notes them as DETECTIVE ARNULFO CASTILLO AND DETECTIVE JOHN DOE). The DETECTIVES arrested the plaintiff BAYLOR without a valid warrant. The plaintiff BAYLOR and his wife NICOLE repeatedly asked what they wanted and why they were arresting BAYLOR. Plaintiffs are both teachers and African American. The arresting detectives are Caucasian/ Hispanic.

18.     Plaintiff BAYLOR was taken into custody, brought to the 73rd police precinct in Brooklyn, physically abused, suffered emotional distress, then taken "downtown" to Schermerhorn Street, Criminal Court and then arraigned and remained imprisoned for approximately 1 day.

19.     On 9/12/16 or 6 months later the false arrest and improper criminal charges that had been filed against the plaintiff BAYLOR were all dismissed. Nevertheless the plaintiff BAYLOR was subject to malicious prosecution in that the District Attorney of Kings County and NYPD continued the prosecution on the said arrest for the aforementioned 6 months or more period of time; case dismissed again.

20.     The plaintiff was held against his will in facilities maintained by the defendant CITY on the date of his arrest 3/8/16 until his release. He was initially charged with a violation of an order of protection a misdemeanor all of which were dismissed on 9/12/16.  There was no valid order of protection.

21.     That on or about 3/8/16 the plaintiff TERRANCE BAYLOR was falsely arrested without a valid warrant and was falsely charged by the NYPD who improperly filed a criminal court complaint against TERRANCE BAYLOR, falsely alleged that he violated an order of protection which expired on 1/29/16. TERRANCE BAYLOR was vindictively assaulted by one or more NYPD police officers, here DETECTIVE CASTILLO and DETECTIVE JOHN DOE, and subjected to the excessive use of force by same and then illegally detained BAYLOR and then falsely arrested and/or held/incarcerated, booked, processed, arraigned, falsely imprisoned BAYLOR as per the request of the defendants' CITY/NYPD and/or their police officers and personnel as denoted herein. The plaintiff was further charged in criminal cases prepared and filed by

the District Attorney of Kings County at the said request of DETECTIVE defendants in

the Criminal Court of the City of New York, in Kings County on Docket no.

2016KNO14132, on CPL 215.50, Criminal Contempt in the 2nd Degree, on the

aforementioned misdemeanor; on information and belief commanding officers or other

NYPD personnel/DETECTIVES at the 73rd precinct negligently made a decision to hold

and charge the said Plaintiff TERRANCE BAYLOR.  Said criminal complaint was filed

on or about 3/8/16. That excessive force was utilized on said illegal and/or false arrest

and/or false imprisonment of the Plaintiff on the aforementioned false charges was on or

about 3/8/16 based on the egregious false arrest and the assault and battery and excessive

force upon his person by a police officer DETECTIVE CASTILLO and DETECTIVE

JOHN DOE slammed BAYLOR against the car door by his shoulder and spread eagled

him and hand cuffed him too tight, slammed him into unmarked car and in front of his

wife and his 5 year old son and later at the precinct stripped him to "look for tattoos".

Said arrest resulted in the intentioned illegal detention/ false imprisonment and/or false

arrest and subsequent arraignments  and malicious prosecution of Plaintiff TERRANCE

BAYLOR on criminal charges; the malicious prosecution initially at the request of the

NYPD personnel in Criminal Court, Kings County at the behest and request of the

defendant police officers and/or the NYPD's negligent supervision including the decision

to arraign and prosecute the plaintiff TERRANCE BAYLOR on false criminal charges.

Ultimately those charges were dismissed on or about 9/12/16. That the criminal

complaint against the plaintiff that he was maliciously prosecuted upon was improperly

filed by THE DISTRICT ATTORNEY OF KINGS COUNTY at the request of the

NYPD and maliciously prosecuted by the DISTRICT ATTORNEY OF KINGS

COUNTY and his offices.

22.      The Plaintiff TERRANCE BAYLOR as a result of said intentional and/or

negligent acts of defendants was initially assaulted without provocation when he was first

arrested and then illegally detained, falsely accused, falsely arrested, imprisoned, and

subjected to intolerable conditions and unacceptable behavior of those who held him in

custody, CITY/NYPD other intentional and/or negligent acts of defendants and/or on the

part of the defendants NYPD included but were not limited to lengthy and intolerable

interrogations and being forcibly held and falsely imprisoned for approximately a day.

Plaintiff was the subject of malicious prosecution including the adjournment at the behest

of the NYPD DETECTIVES and the POLICE which resulted in his continued malicious

prosecution for over 6 months until 9/12/16.

23.      The Plaintiff BAYLOR suffered from the said acts of defendants and/or failure to

act including physical injuries and extreme mental and emotional distress. The said

plaintiff was publicly humiliated (he was arrested in broad daylight on the street, pulled

out of his car which was parked and in front of his 5 year old son, physically assaulted

and/or abused by the police and arresting DETECTIVES and staff; specifically the

POLICE OFFICER DETECTIVE CASTILLO and DETECTIVE JOHN DOE.

DETECTIVE CASTILLO struck TERRANCE BAYLOR while DETECTIVE JOHN

DOE held him from behind and thereafter TERRANCE BAYLOR was pushed

into/shoved into the unmarked police car even though he explained vehemently to the

DETECTIVE that he was innocent of any wrongdoing and had not violated any law or

ordinance and that the defendant DETECTIVES' actions were unwarranted and uncalled

for and amounted to an illegal search and the use of excessive force! This all occurred in

the County of Kings, City, and State of New York, which is in the Eastern District of New York. The Plaintiff BAYLOR immediately became ill and remained in an infirm state and having been assaulted and otherwise was physically abused while incarcerated and was not afforded adequate medical attention and/or treatment e.g. for his wrists, cuffs too tight. Plaintiff BAYLOR was deprived of his liberty, and/or lost companionship of family and friends. Plaintiff BAYLOR was forced to incur legal (Uriel Grivetz, Esq., fees over $11,000.00) and medical expenses and the like.  The personal privacy of both plaintiffs were violated.

24.     On information and belief the City of New York has negligently failed to properly administer it's agencies and/or departments (NYPD) and the like in regard to the supervision and control over detectives who accuse and arrest citizens and directly affect those accused, detained, arrested, and/or incarcerated and in particular the Plaintiff TERRANCE BAYLOR the defendant DETECTIVES, who harassed, mistreated and/or assaulted plaintiff  caused him to be incarcerated and/or negligently failing to properly inquire as to any warrants after attorney Grivetz called the precinct and explained.   The said negligence of the CITY/ NYPD has negligently contributed to and/or is responsible for excessive force, assault on plaintiff BAYLOR, false arrest, false imprisonment and other torts that occurred against him and the continued malicious prosecution and mistreatment of the plaintiff BAYLOR and the continued malicious prosecution of the plaintiff BAYLOR.

**25.**     On information and belief defendants CITY, NYPD, negligently failed to train, supervise, officers, detectives, personnel, assistant district attorneys and/or superiors to supervise and/or control the administration of justice.  That as a result of the said

negligence the plaintiffs suffered.

26.     The Plaintiff TERRANCE BAYLOR on 3/8/16 was subjected to excessive force, was falsely arrested and accused by the N.Y.P.D. was incarcerated  and falsely imprisoned as well; the plaintiff BAYLOR was initially severely beaten by the arresting officers when he was illegally arrested in his car without a valid warrant or prior probable cause.

27.     That on information and belief the Defendants, N. Y. P. D. it's police officers, detectives, agents and the like, knew prior to entering the car of the plaintiffs that they were required to have a search warrant or valid warrant, nevertheless they arrested BAYLOR who was egregiously and without provocation assaulted by the DETECTIVES who were in plain clothes without displaying their shields and needlessly falsely arrested and imprisoned and maliciously prosecuted him despite the fact no warrant existed.

28.     That the Plaintiff TERRANCE BAYLOR was held as a prisoner against his will in detention, negligently mistreated in the cells, jails, and prisons administered by the CITY/NYPD for approximately a day and was effectively prevented from enjoying his freedom and the companionship of friends and family. The plaintiff TERRANCE BAYLOR was injured and needed medical attention and from the injuries that he sustained because of the assault/ excessive force he received from the police officers and subsequent mistreatment when held e.g. cuffs on too tight. Plaintiff was traumatized emotionally and physically and emotionally injured. He was deliberately "taken down" when arrested and shoved, jostled, made to be "spread-eagled" though he had committed no crime. On information and belief the plaintiff was emotionally affected by the said assault on him and the unconscionable imprisonment. He still suffers emotional trauma to

the present day and has not returned to his professional elementary school teacher

position to this present day and has not returned to his profession as a licensed teacher.

29.      On information and belief the actions of the defendants NYPD, were intentionally

done to harass and annoy and interfere with the plaintiff TERRANCE BAYLOR and/or

to convince him to plead guilty to a lesser charge(s) and to cover up the illegal police

conduct and malicious prosecution. Said actions were unconscionable and violated the

plaintiff's constitutional rights to due process, right to counsel and fair trial under the

United States Constitution, 1st, 4th, 6th, 8th and 14th amendments, and the New York State

Constitution. The egregious assault(s) on the plaintiff without provocation and then his

illegal detention, initial false arrest, use of "excessive force" and the interrogations of the

defendant, the egregious illegal seizure of his property and subsequent false

imprisonment and malicious prosecution violated his constitutional rights under the New

York State and Federal Constitutions including but not limited to his right to due process

of the law under the 14th Amendment of the United States Constitution to be free of arrest

without a valid warrant.

30.      The said defendants are liable for the intentional torts denoted in this complaint;

their negligence, for false arrest, false imprisonment, assault (excessive force), intentional

infliction of mental distress and for prima facie tort in that there was the deliberate

withholding of evidence and/or deliberate failure to investigate, falsification of criminal

charges, the destruction of, misuse of, and/or failure to utilize a valid warrant and reveal

evidence that could have exonerated plaintiff and/or that the said defendants are liable for

their negligence and/or were negligent for their said actions and/or failure to act and/or

are liable for negligence, assault, fraud (filing of a false instrument here the criminal

complaint), false arrest, false imprisonment, malicious prosecution and all other claims denoted in the initial and the notice of claim that is incorporated in the instant complaint, and are liable to both plaintiffs for emotional distress and trauma they have both experienced.

31.     That the said false arrest, false imprisonment and malicious prosecution of the Plaintiff BAYLOR was void on its face and/or became obvious when on information and belief evidence was obtained by defendants (e.g. Police/Detective), exonerating the plaintiff/BAYLOR and/or that there had been an illegal arrest without a valid warrant.

32.     That on information and belief the defendants CITY, NYPD fraudulently and/or knowingly withheld from the Plaintiff BAYLOR and/or his attorneys and the court and any and all information in their possession that would have exonerated the plaintiff BAYLOR and would have resulted in the prompt dismissal of the criminal charges and reinstatement of his rights and his release; that the said knowing and fraudulent actions by the defendants in the continued false and illegal prosecutions of the Plaintiff BAYLOR and the loss of his freedom and resulted in the physical, mental, and emotional distress that the plaintiff endured the acts of the defendants and/or other acts noted herein establishing their liability for fraud.

33.     That the foregoing acts of the defendants negatively affected the reputation of the Plaintiffs and caused them emotional disturbance and distress and interfered with their professional activities, both are teachers.

34.     That plaintiff TERRANCE BAYLOR was initially beaten by the DETECTIVES and/or was illegally arrested and detained when the police used "excessive force" and then incarcerated and during time of incarceration suffered mental and emotional stress

and strain and his health deteriorated until the present day.

35.    That plaintiff BAYLOR was held in custody in a jail(s) maintained by the

defendant(s) CITY/ NYPD.

36.    That as a result of the foregoing acts of the defendants the Plaintiff TERRANCE

BAYLOR and/or his family or co-plaintiff LEWIS were compelled to retain counsel

and/or expend monies for the defense/ representation of BAYLOR and/or attempts to

secure the release of Plaintiff, and will continue to be obligated for legal expenses in the

future. Plaintiff had to retain counsel to protect his legal rights and in his criminal

defense. Uriel Grivetz, Esq., White Plains, New York and expended over $11,000.00

together with additional disbursements of at least $700.00 to date.

37.    That an initial notice of claim and/or notice of intention to sue was duly served

upon the defendants within 90 days after the said cause of action of the plaintiff

"accrued". The Notice of Claim reads as follows:

> "PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim
> and demand against THE CITY OF NEW YORK, NEW YORK CITY POLICE
> DEPARTMENT, DETECTIVE ARNULFO CASTILLO AND DETECTIVE
> ARNULFO CASTILLO AND DETECTIVE JOHN DOE DETECTIVE, as
> follows:
>
> 1.    The name and address of each claimant and claimant attorney is:
>
>    TERRANCE BAYLOR and NICOLE LEWIS, his wife
>    216 Rockaway Ave, Apt. 15M,
>    Brooklyn NY 11733
>
>    STUART R. SHAW, ESQ.
>    30 West 95th Street, 1st Fl
>    New York, N. Y. 10025
>    (212) 661-6750
>
> 2.    The nature of the claim: The claimant TERRANCE BAYLOR, hereinafter
> referred to as BAYLOR or CLAIMANT or ARRESTED/INCARCERATED
> PERSON, was falsely detained, arrested and accused of being involved in a

crime(s), by the NEW YORK CITY POLICE DEPARTMENT, hereinafter referred to as NYPD, DETECTIVE ARNULFO CASTILLO, Shield # 3357 of the 295 Command and DETECTIVE ARNULFO CASTILLO AND DETECTIVE JOHN DOE DETECTIVE; Specifically Claimant was taken to the 73rd Precinct in Kings County on or about 3/8/16 falsely arrested and caused the claimant BAYLOR to be incarcerated. The DETECTIVES were in an unmarked car parked near 2220 Atlantic Ave, they came out of the car, approached the claimant and his family, and arrested him, brought him to the 73rd precinct, processed him and alleged that there was an open case and alleged that he was wanted for a violation of an order of protection, refused to issue a desk appearance ticket, processed him and "sent him downtown" "through the system" to Central Booking at 120 Schermerhorn and arraignments, at or about 3/8/16. Claimant was illegally detained, arrested or falsely accused, the said claimant was falsely arrested and imprisoned. That the initial illegal detention, false arrest and false imprisonment of the ARRESTED PERSONS/Claimant BAYLOR on the aforementioned false charges was on or about 3/8/16; that the ARRESTED PERSONS/Claimant BAYLOR was falsely arrested, accused, imprisoned, and subjected to intolerable conditions in violation of his constitutional rights. At the time of the claimant's arraignment before a female judge at 120 Schermerhorn Street, he and his counsel argued to the court that he had no outstanding order of protection, there were no warrants and that there should be no bail, the claimant's lawyer argued there should be no bail because the plaintiff had been acquitted after trial! And the judge after midnight ROR'ed the claimant who by this time was held in custody for over 17 ½ hours and claimant was brought into the pens behind the courtroom. On information and belief said false arrest caused permanent physical injury and/or emotional trauma.

3.      See 2 above. There is a separate and distinct claim for loss of consortium of the wife NICOLE LEWIS who witnessed the false arrest with her son.

4.      Plaintiff sought out medical attention and received a psychiatric referral. BAYLOR has retained Stuart R. Shaw, Esq., 30 West 95th Street, New York, New York 10025 to represent him and will and has incurred legal fees and expenses. Claimant has sought legal counsel and is responsible for legal fees and disbursements.

5.      The Claimant BAYLOR was illegally detained and he was falsely arrested. The claimant TERRANCE BAYLOR was incorrectly negligently charged by the KINGS COUNTY District Attorney and/or the N.Y.P.D. and was negligently incarcerated before he appeared in the court on the said Criminal Court case the aforementioned negligent actions of the N.Y.P.D. and KINGS COUNTY District Attorney by said negligent incorrect accusations against this Claimant BAYLOR has caused serious repercussions and damaged the Claimant. Claimant was maliciously prosecuted. For instance the Claimant BAYLOR was separated from his family, friends and his personal pursuits and the fact that he was incarcerated has affected his ability to earn a living as a school teacher.

6.      That on information and belief the Defendant N. Y. P. D. its police officers, detectives, agents and the like, and/or the Defendant District Attorneys office had information that this Claimant BAYLOR was innocent and not

involved in the crimes that they was alleged to have committed, but intentionally withheld information from the court that the claimant TERRANCE BAYLOR should have resulted in his immediate release and/or to cover up the fact that they had arrested a man who had been acquitted and had no criminal record. That on information and belief the Police and/or District Attorneys office did everything possible to prevent Claimant BAYLOR from being released and/or timely released and/or that the charges be immediately dropped against him; that on information and belief the Defendants N.Y.P.D and/or District Attorney intentionally did the aforementioned acts to keep the Claimant BAYLOR "on ice" in effect he was maliciously prosecuted - there was no way for the people to prove the case since they had no evidence because the prior case had been dismissed; that the Claimant BAYLOR was held as a prisoner against his will on 3/8/16 until his release on 3/9/16 and was prevented from being with his family from the time of his illegal detention and false arrest and incarceration.

7.     That the Claimant BAYLOR was negligently held by the defendants in spite of the fact that the Claimant BAYLOR was innocent Claimant BAYLOR was not a perpetrator of any crime. This all caused him severe mental and emotional distress. There was no evidence to support their allegations against BAYLOR. This was not a consent detention, search, arrest or incarceration.

8.  The time when, the place where and the manner in which the separate claims arose: see

above- 3/8/16-3/9/16, at or about Atlantic Avenue, Brooklyn, New York, thereafter at the 73rd Precinct, New York, New York Claimant BAYLOR were illegally detained, falsely arrested without an arrest or search warrant. Zone of Danger issue may pertain to wife witnessing an illegal arrest. Claimant sought medical attention after he was released.

9.  The items of damage or injuries claimed are one million ($1,000,000.00) dollars for each

claimant on each legal cause of action see above numbers 1, 2 & 3:

       1.     Negligence
       2.     False arrest
       3.     False Imprisonment
       4.     Intentional infliction of mental distress
       5.     Prima facie tort
       6.     Fraud
       7.     Abuse of Process
       8.     Filing a false complaint and/or attempt and/or conspire to file a false complaint, commit said illegal act
       9.     Malicious Prosecution
       10.    Compensatory Damages
       11.    Punitive Damages

10.     The Claimant(s) suffered mental and emotional distress. The Claimant BAYLOR became ill while incarcerated. Claimant BAYLOR was deprived of his liberty, potential ability to earn a living and suffered lost earnings, deprived

and/or lost companionship of family and friends. Claimant BAYLOR now on information and belief has a record of an arrest, and this may interfere with any subsequent application for jobs and the like. The claimant was forced to incur legal and medical expenses and the like. Claimant's emotional injuries are believed to be permanent. He suffered mental and emotional distress.

11.     AMOUNT CLAIMED: One Million ($1,000,000.00) dollars against each defendant individually for each cause of action in negligence, false arrest, false imprisonment, fraud, intentional infliction of mental distress, prima facie tort, abuse of process, filing a false complaint, malicious prosecution, in favor of claimant against each individual defendant and for Punitive Damages $1,000,000.00 against each Defendant in favor of claimant, and for Compensatory Damages $1,000,000.00 against each Defendant in favor of claimant. TOTAL AMOUNT CLAIMED: $ 22,000,000.00."

38.    That more than thirty days have elapsed since the service of the said notice of claim and/or notice of intention to sue upon defendant.

39.    That the defendants and its comptroller and/or counsel have failed, neglected and refused to pay, settle, compromise or adjust the claim of the plaintiff herein.

*40.*    That this action has been commenced within one year and ninety days after the cause of action of plaintiff accrued; notice of claim was served personally and by certified mail. The CITY acknowledged receipt and issued a claim number 2016PI018138

41.    The defendants have conducted a 50H deposition of plaintiff BAYLOR only on 4/20/17 but never supplied the deposition.

42.    As a result of his treatment at the hands of the defendants' (in particular the NYPD and their respective DETECTIVES named herein e.g. POLICE DETECTIVE ARNULFO CASTILLO AND DETECTIVE JOHN DOE, plaintiff TERRANCE BAYLOR suffered physical and mental injury, pain, humiliation and emotional distress, in addition to loss of liberty, and the like and both plaintiffs suffered. Plaintiff NICOLE LEWIS suffered loss of consortium and emotional distress.

43.    Plaintiff BAYLOR's causes of action for false imprisonment and illegal detention/false arrest on 3/8/16 his malicious prosecution was unconscionable and uncalled for. The defendants and/or detectives/NYPD perpetuated the tortuous and false actions against the plaintiff through September 2016 and thereafter and in effect said defendants negligently continued the malicious prosecution by the defendants through 9/12/16 providing additional indicia for plaintiff's causes of action for compensatory and punitive damages; which are also sought because of the unconscionable excessive force resides in the false arrest and continual malicious prosecution and the invasion of their privacy.

44.    Upon information and belief the abuse to which the plaintiff was subjected was consistent with institutionalized practices of the CITY OF NEW YORK, the NYPD, which was known to and ratified by defendant CITY OF NEW YORK, said defendants having at no time taken any effective action to prevent NYPD and/or their defendants and/or its personnel from continuing to engage in such misconduct.

45.    Upon information and belief, defendants CITY OF NEW YORK and/or NYPD had prior notice of the propensities of defendant NYPD said DETECTIVES personnel and/or police officers and/or were on notice of their lack of training, but took no steps to train them, correct their abuse of authority or to discourage their unlawful use of authority. The failure to properly train said defendants' DETECTIVES and staff included lack of instruction as to the proper procedure to protect citizens who are arrested and/or incarcerated during law enforcement and criminal prosecutions based on arrest warrants and/or orders of protection.

46.      Upon information and belief, defendants CITY OF NEW YORK and/or NYPD

authorized, tolerated as institutionalized practices, and ratified the misconduct herein

before detailed by: (a) failing to properly discipline, restrict and control NYPD and/or

here defendant DETECTIVES, and/or employees, supervisors, and supervisory staff of

police officers including those posted for patrol  (b) failing to take adequate precautions

in the hiring, promotion and retention of NYPD and/or police DETECTIVE personnel,

including specifically defendant NYPD/DETECTIVES noted herein and/or detectives

and/or police officers stationed at the 73rd precinct; (c) failing to forward to the office of

the DISTRICT ATTORNEY OF KINGS COUNTY evidence of illegal acts committed

by the defendant police officers and/or detectives and withholding and/or destroying

evidence and/or failure to adequately investigate claims by criminal defendants here

BAYLOR and his counsel, here specifically GRIVETZ; and (d) failing to establish and/or

assure the functioning of a meaningful departmental system for dealing with complaints

about NYPD supervisors or employees and/or police/ here DETECTIVES' misconduct,

and/or negligent failure to act to secure the safety of a citizen and to prevent further

violence to that citizen but instead responding to such valid complaints of the plaintiff

supported by others and official denials calculated to mislead the public and actions taken

to denigrate and punish the innocent citizen who fastidiously took every step humanly

possible to try to gain BAYLOR'S freedom and established his innocence. This conduct

also constitutes negligence and/or gross negligence under state law and is applicable to

the detention and loss of property claims of plaintiffs and their invasion of privacy

claims.

47.     As set forth in the notice of claim, TERRANCE BAYLOR 's injuries resulted

from the negligence and/or other tortious acts and carelessness of the agents, employees,

servants and/or police officers/detectives of the NYPD, defendant CITY.

48.     From that time plaintiff was initially maliciously prosecuted and imprisoned

3/8/16. He was kept imprisoned by defendants in facilities operated by NYPD/CITY.

49.     The initial incident which gave rise to plaintiffs BAYLOR and NICOLE's claim

initially occurred on 3/8/16, and continued as to the malicious prosecution until the court

dismissed BAYLOR'S criminal case on 9/12/16 after motion to reargue.

<u>FEDERAL CAUSES OF ACTION</u>

50.     Each and every allegation set forth in Paragraphs "1" through "49" is incorporated

herein by reference.

51.     The above described actions and omissions, engaged in under color of state

authority by defendants, including defendants CITY/ NYPD, etc. responsible because of

its authorization, condonation and ratification thereof for the acts of its agents here

defendant DETECTIVES which deprived plaintiff BAYLOR of his rights secured to him

by the Constitution of the United States, including, but not limited to, his Fourth

Amendment right to be free from illegal search and seizure without a warrant and as to

plaintiff BAYLOR for false arrest and imprisonment and the right to be free from

unjustified and excessive force utilized by police, and his Eighth Amendment right to be

free from cruel and unusual punishment and fourteenth amendment right to due process

and equal protection under the laws, and his 6th Amendment right to a fair trial.  The

CITY/NYPD has openly condoned or set a policy of permitting their detectives/police to

make arrests and incarcerate citizens without first adequately/thoroughly reviewing the

documentation they have to make the arrest with the DA and/or Court and even when

they are presented with the facts hereby defense counsel who went to the precinct instead

of issuing an appearance ticket or expediting the procedures deliberately "put the plaintiff

through the system" subjecting him to public ridicule, physical abuse, demeaning him,

the CITY and the police.

<u>ATTORNEYS' FEES AND JURY TRIAL</u>

52.    Plaintiffs are entitled to an award of attorneys' fees, pursuant to 42 U.S.C. 1988

(b); 42 U.S.C. 1983. Plaintiffs request a trial by jury.

**WHEREFORE**, plaintiff BAYLOR individually demands the following relief,

jointly and severally, against all the defendants: One million ($1,000,000.00) dollars

against each defendant in negligence for false arrest, false imprisonment, assault,

(excessive force), fraud, intentional infliction of mental distress, Prima facie tort, Abuse

of Process, Filing a false complaint, malicious prosecution , in favor of plaintiff against

each individual defendant; Punitive Damages $1,000,000.00 against each Defendant,

Compensatory Damages $1,000,000.00 against each Defendant; and plaintiff BAYLOR

demand judgment of $100,000.00 for the illegal seizure of his property and for the

invasion of his privacy. Plaintiff NICOLE LEWIS demands judgment for the loss of

consortium and invasion of privacy for $100,000.00

1. Negligence
2. False arrest
3. False Imprisonment
4. Intentional infliction of mental distress
5. Prima facie tort
6. Fraud
7. Abuse of Process
8. Filing a false complaint and/or attempt and/or conspiring to file a false complaint

9.  Malicious Prosecution
10. Assault and Battery (excessive use of force)
11. Loss of Consortium (Nicole Lewis)
12. Invasion of Privacy

TOTAL AMOUNT CLAIMED: $10,100,000.00

A.      Plaintiff BAYLOR demands Tort Claims for one million ($1,000,000.00) dollars each against each defendant or four million ($3,000,000.00) dollars.
B.      Compensatory damages in the amount of One Million ($1,000,000.00) Dollars against each defendant or three million ($3,000,000.00) dollars;
C.      Punitive damages in the amount of One Million Dollars against each defendant or three million ($3,000,000.00) dollars;
D.      Plaintiff NICOLE LEWIS demands judgment of one hundred thousand ($100,000.00) dollars for loss of consortium.
E.      Attorneys' fees pursuant to 42 U.S.C. 1988(b); 42 U.S.C. 1983; and
F.      For such other and further relief as to the Court deems just and proper.

DATED:      New York, New York
            June 2, 2017

                                    Law Office of Stuart R. Shaw,

                            By:     _____
                                    Attorney for Plaintiffs
                                    30 West 95th Street, 1st Fl
                                    New York, NY 10025
                                    (212) 661-6750
                                    (212) 661-6594 FX

To:     Corporation Counsel of the City of New York,
Attorney for Defendants
100 Church Street, 4th Floor,
New York, N. Y. 10007

Comptroller of the City of New York
C/O Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, N. Y. 10007

New York City Police Department
One Police Plaza
New York, N. Y. 10038-1497
and
c/o Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, NY 10007

DETECTIVE ARNULFO CASTILLO AND DETECTIVE JOHN DOE
c/o New York City Police Department
One Police Plaza
New York, N. Y. 10038-1497 (73rd Precinct)
and
c/o Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, NY 10007

UNITED STATES DISTRICT COURT                           Docket No.
EASTERN DISTRICT OF NEW YORK

TERRANCE BAYLOR AND NICOLE LEWIS,

                                                       Plaintiffs,

        -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT,
DETECTIVE ARNULFO CASTILLO (Shield no. 3357)
AND DETECTIVE JOHN DOE (295 Command),

                                                       Defendants.

**SUMMONS AND COMPLAINT**

**STUART R. SHAW**
*Attorney for Plaintiffs*
**30 West 95th Street, 1st Floor**
**New York, NY 10025**
**(212) 661-6750**

*Service of a copy of the within*                            *is hereby admitted.*
*To:*
*Attorney(s) For:*

*Dated: 6/2/17*                          *Signature Rule 130.1-A*

                                         _____
                                         *Attorney(s) for Plaintiffs*

*Please Take Notice*

                *that the within is a (certified) true copy of a*              *entered in* Notice
                *the office of the clerk of the within named Court on*              20
of Entry

                *that an Order of which the within is a true copy will be presented for settlement to* Notice
of          *the Hon.*                        *one of the judges of the within named Court, at*
Settlement      *on*                      *19, at*                      *M.*

27